Chief Justice Robertson,
delivered the opinion of the court.
J. <fc P, 'Dudley sued J. J. Marshall, in debt, on a judgment for $544 18 cents debt; $35 damages, and $918 cents costs. By consent, the case was submitted to the court. The cpurt rendered judgment against Marshall for the amount of the original judgment, and six per cent, interest upon it from its date, until the time when the last judgment was pronounced. Marshall has appealed, and the only question which it is deemed necessary to consider, is whether the court erred or not in adjudging interest against Marshall?
The judgment of the circuit court must be affirmed. It does hot appear, that the original judgment did not harry interest.' If it did, the appelleess were entitled *245 Hot only to what was adjudged to them, but also to ‘‘accruing” interest. But if it had been shown, that the whole of the original judgment was for damages, although interest could not have been enforced by execution, nevertheless a jury might have allowed interest on damages. The amount was ascertained and fixed by the judgment. It was money; the judgment was the highest possible evidence that it was due. ’ If, in any case, a jury may allow interest to a creditor!, who cannot demand it as a matter of law, they might give it in such a case as this.
In suit on judgment, for jm™may al'low interest on damages,
Whenever a jury might have allowed ^sub-stitutedby consent for a jury
Denny and Crittenden, for appellant; Mills and Brown, for appellees. •
If a jury could have allowed interest, the court when substituted for a jury, had a right to adjudge interest in favor of the creditor. We consider this point as maintained not only by analogy and principle, but by express and repeated adjudications; see Caldwell vs. Richards, II Bibb, 331, Guthrie, et al. vs. Wickliffe, IV Bibb, 542, Smith’s ad’r. vs. Todd’s ex’r. (January 1830) West vs. Patrick’s ad’r. (Feb. 1829.)
Wherefore, the judgment of the circuit court is affirmed.